UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| CHARLES F. WYATT, | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CV-111 |
| | ) | |
| vs. | ) | |
| | ) | |
| BLOUNTVILLE, TN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) for consideration of Plaintiff's Application to Proceed *In Forma Pauperis* [Doc. 1] and the issues associated with that application.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85(1948); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). To that end, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S.Ct. 1728 (1992). The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement, which must be met in order to proceed *in forma pauperis*, is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). At the same time, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, *supra*. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of

poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, petitioner's Application to Proceed Without Prepayment of Fees and petitioner's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. Plaintiff filed a Motion to Proceed *in forma pauperis* on June 4, 2020. After reviewing the Motion, the Court determined that more information was needed from Plaintiff to determine whether he qualifies as a pauper. [Doc. 8]. Plaintiff was given thirty days to submit a new application which included the amount of his current Social Security payment [Doc. 8]. Plaintiff has failed to timely submit a new application to proceed *in forma pauperis*.

As indicated in the Court's previous order [Doc. 8], since Plaintiff has failed to fully and timely comply with the order, the Court must presume that Plaintiff is not a pauper and **RECOMMENDS** that the full amount of fees should be assessed. Should Plaintiff fail to pay the filing fees and associated costs, the undersigned further **RECOMMENDS** that the case be dismissed without prejudice for want of prosecution. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Application to Proceed Without Prepayment of Fees [Doc. 1] be **DENIED**.[1]

                                          Respectfully Submitted,

                                          s/ Cynthia Richardson Wyrick
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 198l); 28 U.S.C. § 636(b)(1)(B) and (C).