# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| CHARLES F. WYATT, ) | |
| ) | Case No. 2:20-cv-111 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Cynthia R. Wyrick |
| BLOUNTVILLE, TN, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

On June 4, 2020, Plaintiff Charles Wyatt filed this *pro se* action as well as a motion to proceed *in forma pauperis* (Docs. 1, 2). On August 12, 2020, United States Magistrate Judge Cynthia R. Wyrick filed a report and recommendation (Doc. 9). In her report and recommendation, Magistrate Judge Wyrick noted that Plaintiff failed to timely comply with the Court's order to provide more information so that it could determine whether he qualifies to proceed *in forma pauperis*. (*Id*. at 2.) Based on Plaintiff's failure to provide to this information, Magistrate Judge Wyrick recommended assessing the full amount of filing fees and denying Plaintiff's motion to proceed *in forma pauperis*. (*Id*.) Magistrate Judge Wyrick further recommended that, if Plaintiff failed to pay the required filing fees and associated costs, the case be dismissed without prejudice for failure to prosecute. (*Id*.)

Plaintiff has not filed objections to Magistrate Judge Wyrick's report and recommendation and has not paid any filing fees or associated costs.[1] Nevertheless, the Court has conducted a review of the report and recommendation, as well as the record, and agrees with Magistrate Judge Wyrick's well-reasoned conclusions. Accordingly, the Court **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 9) pursuant to 28 U.S.C. § 636(b)(1), **DENIES** Plaintiff's motion to proceed *in forma pauperis* (Doc. 1), and **ORDERS** that the action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] Magistrate Judge Wyrick specifically advised Plaintiff that he had 14 days in which to object to the report and recommendation and that failure to do so would waive her right to appeal. (Doc. 8, at 4); *see also* Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Even taking into account the three additional days for service provided by Fed. R. Civ. P. 6(d), the period in which Plaintiff could timely file any objections has now expired.